UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER,
Individually, and on behalf of all
others similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 2:10-cv-11549-JF-RSW
　　　　　　　　　　　　　　　　　　　　　　Honorable John Feikens
ELGA CREDIT UNION,　　　　　　　　　　　　Mag, Judge R. Steven Whalen

    Defendant.

---

DOUGLAS ELLMANN (P34617)　　　　　　　　GEOFFREY BESTOR
Attorney for Plaintiff　　　　　　　　　　　Co-Counsel for Plaintiff
308 West Huron　　　　　　　　　　　　　　700 12th Street, NW, Suite 700
Ann Arbor, MI 48103　　　　　　　　　　　 Washington, DC 20005
(734) 668-4800　　　　　　　　　　　　　　(202) 379-4899

LISA T. MILTON (P38129)
Attorney for Defendant
4967 Crooks Road, Suite 150
Troy, MI 48098
(248) 641-8000

---

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT,
RELIANCE ON JURY DEMAND,
SPECIAL AND/OR AFFIRMATIVE DEFENSES
AND CERTIFICATE OF SERVICE**

    Defendant, ELGA Credit Union, represented by counsel, Bowen, Radabaugh & Milton, P.C., answers Plaintiff's class action complaint as follows:

    1.    Defendant admits that Plaintiff purports to bring an action against Defendant as described in Paragraph 1 of the Complaint. Defendant denies that this action may be properly brought or maintained as a class action and further denies that Defendant has violated the Electronic Fund Transfer Act ("EFTA") and/or its implementing regulations 12 C.F.R. § 205 *et seq* (Regulation E).

1

2. To the extent that the allegations of this paragraph are intended to be factual, Defendant admits that the quoted text in this paragraph accurately quotes a portion of 15 U.S.C. § 1693.

3. The allegations in this paragraph state a legal conclusion to which no responsive pleading is required.

4. The allegations in this paragraph state a legal conclusion to which no responsive pleading is required. Answering further, Defendant states that this paragraph merely purports to characterize provisions of the EFTA, which speaks for itself.

5. The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. Answering further, Defendant states that this paragraph merely purports to characterize provisions of the EFTA, which speaks for itself.

6. The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. Answering further, Defendant states that this paragraph merely purports to characterize provisions of Regulation E, which speak for themselves. To the extent that the allegations of this paragraph are intended to be factual, Defendant admits that the quoted text in this paragraph accurately quotes a portion of 12 C.F.R. § 205.16(c).

7. The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. Answering further, Defendant states that this paragraph merely purports to characterize provisions of the EFTA and Regulation E, which speak for themselves.

8. The allegations of this paragraph state a legal conclusion to which no responsive pleading is required. Answering further, Defendant states that this paragraph merely purports to characterize provisions of the EFTA and Regulation E, which speak for themselves. To the

extent that the allegations of this paragraph are intended to be factual, Defendant admits that the quoted text in this paragraph accurately quotes 15 U.S.C. § 1693b(d)(3)(C).

## JURISDICTION AND VENUE

9. No contest.

10. It is admitted that Defendant is an operator of ATMs in this judicial district. As to the remaining allegations contained in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

13. No contest.

14. No contest.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

16. No contest.

17.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

18.     The allegations of this paragraph are denied for the reason that they are untrue.

## CLASS ALLEGATIONS

19.     It is denied that this action may be properly brought or maintained as a class action.

20.     It is denied that this action may be properly brought or maintained as a class action.

21.     The allegations of this paragraph are denied for the reason that they are untrue.

22.     The allegations of this paragraph are denied for the reason that they are untrue.

23.     The allegations of this paragraph are denied for the reason that they are untrue.

24.     The allegations of this paragraph are denied for the reason that they are untrue.

25.     The allegations of this paragraph are denied for the reason that they are untrue.

26.     The allegations of this paragraph are denied for the reason that they are untrue.

27.     The allegations of this paragraph are denied for the reason that they are untrue.

28.     The allegations of this paragraph, including subparagraphs a. through c., are denied for the reason that they are untrue.

29.     The allegations of this paragraph are denied for the reason that they are untrue.

30.     The allegations of this paragraph are denied for the reason that they are untrue.

## SUBSTANTIVE VIOLATION

31.     The allegations of this paragraph state a legal conclusion to which no responsive pleading is required.

32.     To the extent that the allegations of this paragraph are intended to be factual, Defendant admits that the quoted text in this paragraph accurately quotes a portion of 15 U.S.C. § 1693b(d)(3)(B).

33.     To the extent that the allegations of this paragraph are intended to be factual, Defendant admits that the quoted text in this paragraph accurately quotes portions of 15 U.S.C. § 1693b(d)(3)(C).

34.     The allegations of this paragraph state a legal conclusion to which no responsive pleading is required.

35.     The allegations of this paragraph are denied for the reason that they are untrue.

36.     The allegations of this paragraph are denied for the reason that they are untrue.

37.     It is denied that Defendant is liable to Plaintiff and/or the Class for any violations of 15 U.S.C. § 1693, *et seq*.

38.     It is denied that Plaintiff is entitled to the imposition of statutory damages, costs of suit and attorneys' fees.

Wherefore, Defendant, ELGA Credit Union, respectfully requests this Honorable Court:

1.     Enter an order denying certification of the Class; and

2.     Enter a judgment of no cause for action, together with costs and attorney fees so wrongfully incurred.

                              Respectfully submitted,

                              BOWEN, RADABAUGH & MILTON, P.C.

                              By: /s/ Lisa T. Milton
                                   LISA T. MILTON (P38129)
                                   Attorney for Defendant
                                   4967 Crooks Road, Suite 150
                                   Troy, MI 48098
Dated: May 21, 2010              (248) 641-8000

## RELIANCE ON JURY DEMAND

Defendant, ELGA Credit Union, represented by counsel, Bowen, Radabaugh & Milton, P.C., hereby relies upon the jury demand filed by the Plaintiff in this action.

                              Respectfully submitted,

                              BOWEN, RADABAUGH & MILTON, P.C.

                              By: /s/ Lisa T. Milton
                                   LISA T. MILTON (P38129)
                                   Attorney for Defendant
                                   4967 Crooks Road, Suite 150
                                   Troy, MI 48098
Dated: May 21, 2010              (248) 641-8000

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant, ELGA Credit Union, represented by counsel, Bowen, Radabaugh & Milton, P.C., states for its special and/or affirmative defenses the following:

1.     The complaint fails to state a claim upon which relief may be granted.

2.     The Plaintiff's claims are barred because Defendant has fully complied with the EFTA and Regulation E.

3. Any claim by Plaintiff for actual damages is barred because Plaintiff has not suffered actual damages as a result of the conduct of Defendant.

4. Plaintiff's claims are barred in whole or in part by 15 U.S.C. § 1693m(d) because actions taken by Defendant were done in good faith conformity with a rule, regulation or implementation propounded by the Federal Reserve Board.

5. Plaintiff's claims are barred in whole or in part because Defendant's alleged violation, if any, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonable adopted to avoid any such error.  15 U.S.C. § 1693m(b).

6. Because the required notice was removed, damaged or altered by a person other than Defendant, Defendant has no liability under the EFTA or Regulation E.  15 U.S.C. § 1693h(d).

7. The claims asserted by Plaintiff are barred in whole or in part by the Doctrines of Waiver, Estoppel, Latches, Consent and Ratification.

8. The claims asserted by Plaintiff are barred by the voluntarily payment doctrine and *violeti non fit injuria*.

9. The claims asserted by Plaintiff are barred by the doctrine of unclean hands.

10. Plaintiff's claims are barred to the extent she seeks any remedy to which Plaintiff is not entitled under the EFTA Civil Liabilities provisions, 15 U.S.C. § 1693m, including but not limited to the cap applicable to class actions at set forth at 15 U.S.C. § 1693m(a)(2)(B).

11. Plaintiff's claims have been brought in bad faith and/or for the purposes of harassment entitling Defendant to attorneys' fees.  15 U.S.C. § 1693m(f).

12. Plaintiff has brought her cause of action for an improper purpose entitling Defendant to sanctions pursuant to F.R.Civ.P. 11.

13. Plaintiff's claims are barred or limited by several other defenses available to Defendant under the EFTA and Regulation E.

14. Plaintiff's claims are barred because Plaintiff failed to mitigate her alleged damages (if any).

15. Plaintiff's claims may not be properly maintained as a class action.

16. The proposed class cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

17. This Defendant reserves the right to plead and prove further Special and/or Affirmative Defenses that may become known through discovery and/or trial of the above-entitled cause.

          Respectfully submitted,

          BOWEN, RADABAUGH & MILTON, P.C.

          By: /s/ Lisa T. Milton
              LISA T. MILTON (P38129)
              Attorney for Defendant
              4967 Crooks Road, Suite 150
              Troy, MI 48098

Dated: May 21, 2010          (248) 641-8000

**Certificate of Service**

I hereby certify that on May 21, 2010, I electronically filed the foregoing Answer to Class Action Complaint, Reliance on Jury Demand and Special and/or Affirmative Defenses with the Clerk of the Court using ECF system which will send notification of such filing to the following:

    Douglas Ellmann @ dse@ellmannlaw.com; Geoffrey Bestor @ gbestor@levjen.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

s/Lisa T. Milton
4967 Crooks Road, Suite 150
Troy,  MI  48098
Phone: (248) 641-8000
E-mail: LTMilton@brmb.com
P38129